NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 30 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RUBY BRADLEY,

Plaintiff-Appellant,

v.

COUNTY OF SACRAMENTO
DEPARTMENT OF HUMAN
ASSISTANCE,

Defendant-Appellee.

No. 23-15569

D.C. No. 2:19-cv-02419-DAD-CKD

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted April 22, 2024[**]

Before:     CALLAHAN, LEE, and FORREST, Circuit Judges.

Ruby Bradley appeals pro se from the district court's summary judgment in

her action alleging race discrimination, failure to prevent discrimination, and

retaliation under Title VII and California's Fair Employment and Housing Act

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

("FEHA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Manatt v. Bank of Am., NA*, 339 F.3d 792, 796 (9th Cir. 2003). We affirm.

The district court properly granted summary judgment on Bradley's race discrimination claims because Bradley failed to raise a genuine dispute of material fact as to whether she was qualified for the positions for which she applied. *See Campbell v. Haw. Dep't of Educ.*, 892 F.3d 1005, 1012 (9th Cir. 2018) (setting forth the elements of a prima facie case of discrimination under Title VII); *Guz v. Bechtel Nat'l Inc.*, 8 P.3d 1089, 1113 (Cal. 2000) (setting forth the elements of a prima facie case of discrimination under FEHA).

The district court properly granted summary judgment on Bradley's failure-to-prevent-discrimination claim because Bradley failed to raise a triable dispute as to whether she was subjected to discrimination. *See Featherstone v. S. Cal. Permanente Med. Grp.*, 217 Cal. Rptr. 3d 258, 272 (Ct. App. 2017). ("Where . . . a plaintiff cannot establish a claim for discrimination [under FEHA], the employer as a matter of law cannot be held responsible for failing to prevent same[.]").

The district court properly granted summary judgment on Bradley's retaliation claims because Bradley failed to raise a triable dispute as to whether defendant retaliated against her. *See Bergene v. Salt River Project Agric. Improvement & Power Dist.*, 272 F.3d 1136, 1140-41 (9th Cir. 2001) (providing

elements of Title VII retaliation claim); *Yanowitz v. L'Oreal USA, Inc.*, 116 P.3d 1123, 1130 (Cal. 2005) (applying the same standard for retaliation claims under FEHA).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**